UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cr-20068-HUCK/Becerra

UNITED STATES OF AMERICA,

v.

SRI KAJAMUKAM CHELLIAH,
a/k/a "Mohan"
a/k/a "Richie"

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant in this case. Based upon the change of plea hearing conducted on February 24, 2021, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. As an initial matter, the Court advised Defendant of her right to appear at the plea hearing in person. Defendant waived her right to appear in person. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution and they did not want to further delay the matter. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-76, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, 2020-23, 2021-12, the Court found that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and the hearing was conducted by videoconference.

2. This Court advised Defendant of his right to have these proceedings conducted by

the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3.   This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4.   Defendant pled guilty to Count I of the Information which charges Conspiracy to Bring Aliens to the United States for Private Gain, in violation of Title 8 U.S.C. Sections 1342(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i). The Court advised Defendant that as to that charge there is a maximum sentence of up to ten years imprisonment, followed by a term of supervised release of three years, a fine of up to $250,000.00, and a mandatory special assessment of $100.00. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including the possibility of forfeiture and that restitution was mandatory.

5.   To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

6.   There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

7. Defendant also waived his right to appeal his sentence unless the government files an appeal and/or her sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. In addition, the undersigned finds that Defendant's waiver of her right to appeal her sentence in this case is knowing and voluntary.

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

10. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

**RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified

that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 2rd day of March, 2021.

                                                  JACQUELINE BECERRA
                                                  United States Magistrate Judge